BRETT L. TOLMAN, United States Attorney (#8821)
JOHN W. HUBER, Assistant United States Attorney (#7226)
Attorneys for the United States of America
185 South State Street, Suite 300
Salt Lake City, Utah 84111
Telephone: (801) 524-5682
Facsimile: (801) 524-6924

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

_____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | MEMORANDUM IN SUPPORT OF |
| Plaintiff, | : | FINDING OF PRE-TRIAL VIOLATIONS AND RECOMMENDATION |
| vs. | : | |
| WILLIAM JAMES VIEHL, | : | Case No. 2:09 CR 119 DB |
| Defendant. | : | |

The United States, by and through the undersigned Assistant United States Attorney, respectfully submits this Memorandum in Support of Finding of Pre-Trial Violations to assist the Court in determining that the defendant violated the terms of his release. Noting that the Rules of Evidence do not apply to the hearing set for July 2, 2009, the United States submits with this memo much of the evidentiary underpinning for the violations in an effort to serve judicial economy on July 2.

**Allegation No. 1:**   The defendant failed to work on a regular basis at a lawful occupation from May 5, 2009, to present.

On March 10, 2009, the Court ordered that the defendant, to enjoy the privilege of pre-trial release, "shall maintain or actively seek full time employment." (Order Setting Conditions of Release, para. (7)(a)). The United States Probation Office learned that the defendant was laid off from his full time employment in early May, 2009. Since that time, the U.S. Probation Officer has not received any written report from the defendant with claims that he was actively seeking full time employment, despite a request for such reports. In fact, no report was offered to the officer until after the defendant was arrested for the present allegation, and presented himself in Court on June 30, 2009. Thus, nearly two months passed without employment or a written report of efforts to seek employment, and his belated report of efforts surfaced only after the Court issued an arrest warrant. This complete failure on the part of the defendant is in spite of the fact that he had been afforded multiple hours each day to leave his home for the express purpose of seeking employment.

This Court and U.S. Probation should not be forced to coddle the defendant after giving specific instructions to hold down a job or actively seek one.

**Allegation No. 2:**   On or about May 26, 2009, the defendant contacted an individual affiliated with the animal liberation front (ALF).

On March 10, 2009, this Court directly ordered the defendant to "avoid all contact with the following . . . : no contact with any individuals associated with ALF . . . ." (Order, para. (7)(d)). The United States Bureau of Prisons (BOP) intercepted a letter from the defendant, post-marked May 26, 2009, to imprisoned activist Daniel McGowan. (Please see

2

copy of letter, Attachment A). BOP provided this letter to the Assistant United States Attorney, who in turn provided it to U.S. Probation. McGowan is an extremist who was convicted of activist-driven arson in the Northwest in 2007. BOP classifies him as affiliated with the Animal Liberation Front (ALF) and the Earth Liberation Front (ELF).[1]

ALF, itself, claims McGowan as their own. ALF's official press arm is the North American Animal Liberation Press Office, or NAALPO. On NAALPO's website, McGowan is listed as one of the movement's prisoners, and his mailing address is listed for supporters to send correspondence. Of note, it is the same mailing address that the defendant used to mail his letter to McGowan. In addition, the 2007 NAALPO annual review identified McGowan as one of ALF's very own:

> There were regrettably also some losses for animals during the year - most notably, the imprisonment of warriors from the Pacific Northwest who were victims of snitches, snitches like [names listed]. As a result, our movement added new prisoners Jonathan Paul, **Daniel McGowan**, Joyanna Zacher, Nathan Block, and Eric McDavid. These prisoners of the state need and deserve our support. To learn more, visit the political prisoners section.

(Please see Attachment C, italics and bold added above). Significantly, it was NAALPO who also claimed as an ALF victory the mink farm raid, identified in Count I of the present indictment against the defendant, in the NAALPO 2008 annual review.

The Court should know that its conditions of pre-trial release have been the source of derision amongst the defendant's supporters. Based upon a review of the website designed for supporters of the defendant and his co-defendant, Alex Hall, there are references to the

---

[1] ELF is widely considered to be ALF's "younger sister" and outsiders and activists alike do not appear to draw a defined distinction between the two movements. (Please see examples of open source web content discussing the relationship between the two movements, Attachment B).

very pre-trial release condition that the defendant is alleged to have violated here. (Please see Attachment D, screen shot from www.supportbjandalex.com). Apparently, when the Court and others pronounce ALF phonetically, rather than pronouncing each letter — "A.L.F." — this humors the defendant's supporters, if not the defendant himself. In fact, supporters are offering t-shirts for sale parodying this Court's order of no contact with ALF affiliates. The shirt displays an image of a television sit-com puppet — "Alf" — with a circle around the image and a bar across the character's chest. All profits from the t-shirt sales are claimed to be passed on toward legal fees for the two co-defendants.

It is obvious that the defendant has not taken seriously the Court's direct, unambiguous order on this condition of pre-trial release. His letter to a fellow activist was in direct violation of the Court's order, and here, too, he has exhibited his unwillingness or inability to be managed while the case remains pending trial.

## Recommendation

Based upon the evidence, the defendant should be found in violation of his pre-trial release conditions. He has proven himself as unmanageable even with simple and direct conditions, and he should be held in custody pending the resolution of the case against him. When the United States recommended the no-contact provisions, the concern was that this young adult is malleable and susceptible to improper influence. When like-minded activists fan each other's strong feelings, criminal offenses are often the result. The alleged crimes in this pending matter are examples of that end result. By reaching out to a hardened extremist as the defendant did here, the definite risk is that he will act on the emotional charge that

results from the contact. At this prosecution's outset, the Court crafted conditions to manage this risk so that the community was not in danger of the defendant further acting on his strong views. Since that time, the defendant's actions in violation of the Court's order prove him to be unmanageable.

  RESPECTFULLY SUBMITTED this 30th day of June, 2009.

            BRETT L. TOLMAN
            United States Attorney


            /s/ John W. Huber
            JOHN W. HUBER
            Assistant United States Attorney

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that I am an employee of the United States Attorney's Office, and that a copy of the foregoing MEMORANDUM IN SUPPORT OF FINDING OF PRE-TRIAL VIOLATIONS AND RECOMMENDATION was mailed postage prepaid, delivered through interoffice mail, or electronically filed to all parties named below, this 30th day of June, 2009.

    Heather Harris
    Scott C. Williams
    43 East 400 South
    Salt Lake City, Utah 84111

    /s/ Emily Adams
    U.S. Attorney's Office